## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

| | |
|---|---|
| ARISTOTLE TARBORO, | ) Civil Action No: |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTHAMPTON COUNTY, NORTHAMPTON | ) |
| COUNTY DEPARTMENT OF CORRECTIONS, | ) |
| C/O JACKIE VAZQUEZ, both in her individual | ) |
| and Official capacities as a Corrections Officers at | ) **COMPLAINT** |
| the Northampton County Prison, C/O JIM BEAN, | ) |
| both in his individual and official capacities as a | ) |
| Corrections Officer at the Northampton County | ) |
| Prison, and JOHN DOES 1-10 sued in their | ) |
| individual and official capacities, | ) |
| | ) **JURY TRIAL** |
| Defendants. | ) **DEMANDED** |

------------------------------------------------------------------

Plaintiff, Aristotle Tarboro, by his attorney, William Riback, Esquire, says by way of Complaint against Defendants, as follows:

### NATURE OF THE ACTION

1. Plaintiff Aristotle Tarboro brings this action because Corrections Officers at Northampton County Prison engaged in intentional and willful misconduct. As a result of this intentional conduct, Plaintiff suffered severe physical injuries. Plaintiff alleges that the Northampton County Prison, by custom practice and/or policy practice through Corrections Officers working for the Northampton County Department of Corrections, permitted and encouraged these incidents describe herein.

2. Plaintiff seeks monetary damages for the willful, wanton, and intentional actions of the Defendants described herein; a declaration that the Defendants' conduct is unconstitutional; and,

1

in an injunction precluding the Defendants from continuing to violate the rights of the

individuals placed in their custody or detention.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331,

1341 and 1343 because it was filed to obtain compensatory damages, punitive damages and

injunctive relief for the deprivation, under color of state law, of the rights of citizens of the

United States secured by the United States Constitution and by federal law pursuant to 42 U.S.C.

§§ 1981 and 1983. This Court also has jurisdiction over this action under the provisions of 28

U.S.C. §2201, as it was filed to obtain declaratory relief relative to the Constitutionality of the

policies of a local government. Supplemental jurisdiction exists  over Plaintiffs' pendent state

law claim pursuant to 28 U.S.C. §§ 1367(a) inasmuch as Plaintiffs' state law claim is so related

to the federal claims within such original jurisdiction that it forms part of the same case or

controversy as do the federal claims.

4.   The practices alleged in this Complaint were committed in the Eastern District of

Pennsylvania, wherein, upon reasonable belief, all of the parties reside, govern, and operate.

Therefore, venue in this Court is invoked under 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4),

because this Complaint was filed to obtain compensatory damages, putative damages, and

injunctive relief for the deprivation, under color of state law, of the rights of citizens of the

United States secured by the United States Constitution and by federal law.

## PARTIES

5.   Plaintiff, Aristotle Tarboro is an adult male and citizen of the State of Pennsylvania,

residing at 1026 Cherokee Street, Bethlehem, Pennsylvania 18015.

6.   Defendant, Northampton County ("the County") has a business address of 669 Washington Street, Easton, Northampton County, Pennsylvania. Northampton County is a public corporation organized and existing pursuant to the laws of the State of Pennsylvania. At all times relevant hereto, the County, acting through its agents, was responsible for the policies, practices, supervision, implementation, and conduct of all matters pertaining to Northampton County Prison and was responsible for the appointment, training, supervision, and conduct of all Northampton County's personnel, including those working in the Northampton County Prison. In addition, at all relevant times, the County was responsible for enforcing the rules of the Northampton County Department of Corrections and for ensuring that Northampton County Department of Corrections' employees obey the Constitution and the laws of the United States and Pennsylvania.

7.   Defendant Northampton County Department of Corrections has a business address of 666 Walnut Street, Easton, Northampton County, Pennsylvania 18042.

8.   Upon information and belief, Defendant Correctional Officer Jackie Vazquez is an adult female and citizen of the State of Pennsylvania, with a business address c/o the Northampton County Prison, 666 Walnut Street, Easton, Northampton County, Pennsylvania 18042, is being sued in both her individual and official capacities.

9.   Upon information and belief, Defendant Correctional Officer Jim Bean is an adult male and citizen of the State of Pennsylvania, with a business address c/o the Northampton County Prison, 666 Walnut Street, Easton, Northampton County, Pennsylvania 18042, is being sued in both his individual and official capacities.

10. John Does 1-10 are as yet unidentified corrections officers who violated Plaintiff's civil rights in the occurrence as identified in this Complaint.

## FACTS

11. Northampton County Prison has a history of inhumane conditions and recklessly indifferent administration and staffing.

12. In August of 2007, Plaintiff Aristotle Tarboro was arrested by officers of the Northampton County Department of Corrections on a simple assault charge.

13. Upon his arrest, Plaintiff was transported to Northampton County Prison in Easton, Pennsylvania for processing and incarceration, where he was placed in minimum security housing with four other inmates.

14. Two out of these four inmates in Plaintiff's housing area had higher security classifications, including an inmate named Anthony.

15. During Plaintiff's incarceration, he was involved in two separate incidents, one on March 17, 2008, and one several months later.

16. In relation to the March 17, 2008 incident, the following occurred:

    a. On March 17, 2008, Plaintiff informed another inmate named Klotz about how an inmate named Louis had stolen several items from him, and to be careful around Louis.

    b. Several hours later, Louis then confronted Plaintiff in his cell about what he said to Klotz. Louis was angry and screaming at Plaintiff.

    c. A fight ensued between Plaintiff and Louis. Three other inmates, including Anthony who kicked Plaintiff in the head and eye, also became involved in the fight. Louis bit Plaintiff's face about his eye, and began beating him with a mop handle.

    d.   Thus, in total, Plaintiff was fighting five other inmates, and the fight lasted over an hour.

17. In relation to this incident, not one guard interrupted the fight during the entire time. Guards at the facility are supposed to conduct rounds of the housing area every half hour. Defendant Vazquez, who was required to do rounds, failed to properly perform her duties and neglected to break up the fight between Plaintiff and the five other inmates.

18. The correctional staff, particularly Defendant Jackie Vazquez, was willfully indifferent and failed to protect Plaintiff, resulting in serious and permanent injury to Plaintiff.

19. In regards to the second incident, the following occurred:

    a.   Plaintiff noticed that his cellmate was dealing tobacco products out of their cell to two other inmates.

    b.   Plaintiff's asked these inmates to leave his cell, which they did. However, at the request of these inmates, Defendant Officer Bean opened up Plaintiff's cell gate electronically, and these inmates instigated a fight with Plaintiff.

    c.   Defendant Bean was willfully indifferent to Plaintiff's safety and failed to protect him from inmate violence.

    d.   Defendant Bean told Plaintiff that if he reported this incident, he was going to take away his parole, and both Officer Bean and the assailants offered Plaintiff a pouch of tobacco if he promised not to report the incident.

20. As a result of this second incident, Plaintiff lost two teeth, received six stitches and permanent scarring, and continues to suffer recurring headaches. He was left bleeding in his cell for an hour and a half.

21. At all relevant times hereto, Defendants Vazquez and Bean were employees of the Northampton County Prison, Northampton County Department of Corrections, and Northampton County, and were acting under the color of state law.

22. At all relevant times hereto, Northampton County Prison, Northampton County Department of Corrections, and Northampton County were liable for the reckless, intentional, wrongful, deliberately indifferent and unlawful conduct against Plaintiff by nature of its policy, custom or practice of permitting, acquiescing, or encouraging a dangerous environment.

23. At all relevant times hereto, all Defendants were aware of, and reckless deliberately indifferent to, the policies, rules, and regulations relating to the detention and protection of the Plaintiff in this matter.

24. All Defendants acted with deliberate indifference and without due care, in failing to remedy the incident between Plaintiff and the other inmates who attacked him.

25. Plaintiff's severe injury was the direct and proximate result of the recklessness and deliberate indifference of all Defendants named herein. Such reckless and deliberate indifference consisted of:

    a. Failing to provide proper protection to Plaintiff after other inmates stole his property;

    b. Failing to provide proper protection to Plaintiff after his first attack;

    c. Failing to properly handle and address these incidents; and

    d. Intentionally allowing other inmates to have access to Plaintiff's cell by way of electronically opening the cell gate.

26. As a direct result of the reckless, deliberately indifferent, intentional, outrageous, and wrongful conduct of the Defendants set forth above and herein, Plaintiff has suffered injuries and damages, including but not limited to the following:

    a.  Nerve damage in his left eye ("weapy" eye);

    b.  Chronic, severe headaches;

    c.  Numbness and sharp pains in his right arm.

    d.  Disfigurement; and

    e.  Pain and suffering.

27. As a direct and proximate result of all Defendants' conduct, which caused Plaintiff injuries, Plaintiff herein is entitled to recover for his pain and suffering and other claims for damages.

## COUNT I

## CIVIL RIGHTS

### Violation of Federal Civil Rights Act (42 U.S.C. § 1983)
### —Failure to Implement Policies To Avoid Constitutional
### Deprivations Under Color of State Law—

28. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

29. The conduct of the Defendants as set forth above, acting under color of state law, was intended to harm Plaintiff and was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff, and was so egregious as to shock the conscience.

30. The conduct of Defendants as set forth above violated Plaintiff's constitutional rights to be free from from cruel and unusual punishment, and rights to privacy, as guaranteed by the

Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. § 1983.

31. The Defendants, in acting to deprive Plaintiff of his rights, acting within the scope of their employment, misused their official powers and acted from a willful and malicious intent to deprive Plaintiff of his civil rights and cause him severe injuries thereby.

32. As a direct and proximate result of the violations of Plaintiff's civil rights, he was caused to suffer grievous physical injuries as set forth above and herein, medical and legal expenses, and mental anguish and emotional distress.

WHEREFORE, Plaintiff states a cause of action under 42 U.S.C. § 1983.

## DAMAGES

1. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

2. As a direct and proximate result of the above-described conduct of Defendants, Plaintiff has in the past suffered, and will in the future continue to suffer, damages including:

    a. Severe emotional distress and mental anxiety;

    b. Severe physical suffering, including physical manifestations of emotional distress;

    c. Medical expenses;

    d. Loss of enjoyment of life;

    e. Depression; and

    f. Stigma;

WHEREFORE, plaintiff seeks judgment against the Defendants and each of them jointly and severally as follows:

    a. That the Court and jury enter a declaratory judgment and find that the Defendants' conduct is violative of Plaintiff's statutory rights;

b. That the Court and jury enter a declaratory judgment and find that the Defendants' conduct was so egregious, willful, intentional, outrageous, abusive, and was accompanied by a wanton and willful disregard for the foreseeable harm caused by this conduct as to necessitate punitive damages;

c. That the Court and jury award Plaintiff such compensatory damages allowable at law;

d. That the Court and jury award such declaratory, actual, and nominal damages as are allowable at law;

e. That the Court award such attorney fees, costs and expenses, pre- and post-judgment interest and delay damages as are allowable at law;

f. Other and further relief as the Court deems appropriate.

## JURY TRIAL

Plaintiff demands a jury as to all issues.

WILLIAM RIBACK, LLC

Dated: 2/17/2010

/s/ William Riback
William Riback, Esquire
132 Haddon Avenue
Haddonfield, NJ 08033
Attorney for Plaintiff